IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MAYA (MARCA) CONDOMINIUM
APARTMENTS, INC.,
a Florida corporation,

                                   CASE #:

       Plaintiff,

vs.

TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA,
a Connecticut corporation

       Defendant.

_____/

## PETITION FOR REMOVAL
## AND INCORPORATED MEMORANDUM OF LAW

Defendant, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation, ("Travelers"), through its undersigned counsel, pursuant to 28 U.S.C. § 1441 and §1446, respectfully requests that this Court remove the instant action, styled *Maya (Marca) Condominium Apartments, Inc. v. Travelers Casualty and Surety Company of America*, Case No. 09-64628, from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, and as ground therefore states as follows:

## GROUNDS FOR REMOVAL

1.     This is a civil action for declaratory relief which is presently pending in the Circuit Court in and for Broward County, Florida. Broward County is within the Southern District of Florida.  Pursuant to 28 U.S.C. §1446(a), a true and correct copy the Docket Sheet as well as a copy of the Summons and Complaint, which are all the matters presently on file in the State Court action, are attached hereto as composite **Exhibit A**.

*Maya (Marca) Condominium Apartments, Inc. v. Travelers Cas. & Sur. Co*

2.      The present action was filed by Plaintiff in the Circuit Court for Broward County, Florida on or about **December 2, 2009.**

3.      Service of Process was accepted by the Chief Financial Officer of the State of Florida on **December 11, 2009** and was electronically forwarded to Travelers on **December 15, 2009.**

4.      This is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1), and is subject to removal pursuant to 28 U.S.C. §1441(b). This civil action is between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest, attorney's fees and costs.  Specifically, the present action is an action for declaratory relief and for benefits under a Non-Profit Management and Organization Liability Insurance policy providing liability insurance coverage in the face amount of $1,000,000 for each claim.  See Exhibit 1 attached to Plaintiff's complaint.

5.      Plaintiff, Maya (Marca) Condominium Apartments, Inc., ("Maya Marca"), is a Florida not-for-profit corporation which at all relevant times operated the Maya Marca Condominium located in Broward County, Florida. (See Complaint at ¶ 2)

6.      Defendant, Travelers, is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

7.      The complaint in this action alleges that plaintiff was sued in an underlying action styled *Kenneth Garofalo and Linda Garofalo v. Maya Marca Condominium Apartments, Inc.*, Case number 09-018205, which was filed in the Circuit Court for Broward County, Florida.  It is alleged that the underlying *Garofalo* action sought damages which are covered under the Non-Profit Management and Organization Liability Insurance policy which was issued by Travelers to plaintiff.  Plaintiff further alleges that Travelers failed to accept coverage for said claim and

*Maya (Marca) Condominium Apartments, Inc. v. Travelers Cas. & Sur. Co*

refused to defend plaintiff in the underlying lawsuit. The present lawsuit involves a controversy over benefits under Travelers' Non-Profit Management and Organization Liability policy with coverage limits of $1,000,000 per claim.

8. This Petition for Removal is filed within thirty (30) days from the date on which Defendant was served, i.e., **December 15, 2009**. Accordingly, this Petition is timely under 28 U.S.C. §1446(b).

9. Defendant, Travelers, consents to the removal of this action and, pursuant to 28 U.S.C. §1446(d), Defendant will give prompt notice upon filing of this Petition for Removal to all parties of record and to the Clerk of the Circuit Court for Broward County, Florida.

### MEMORANDUM OF LAW

Pursuant to the provisions of 28 U.S.C. § 1332(a)(1):

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states . . . .

28 U.S.C. §1441 reads, in relevant part, as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States to the district and division embracing the place in which such action is pending . . . .

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residents of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

*Maya (Marca) Condominium Apartments, Inc. v. Travelers Cas. & Sur. Co*

The instant action meets all requirements for removal from the State Court to Federal Court. This is an action between citizens of different states; the matter in controversy is in excess of this Court 's jurisdictional amount of $75,000, exclusive of interests and costs; and this Petition for Removal was filed timely. See *Murphy Brothers v. Michetti Pipe Stringing, Inc.*, 119 S.CT. 1322 (1999). Accordingly, this action is properly removable to the United States District Court for the Southern District of Florida.

WHEREFORE, Defendant, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, petitions this Court for removal of this action to the United States District Court for the Southern District of Florida, and requests that such removal be hereby effectuated and that this Court take jurisdiction of this action.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by regular U.S. Mail and by facsimile this **4th day of January, 2010** to: **J. Steven Hudson, Esq.,** Randall K. Roger and Associates, P.A., 621 N.W. 53rd Street, Suite 300, Boca Raton, Florida 33487.

LITCHFIELD CAVO LLP
*Attorneys for Travelers*
Radice Corporate Center
600 Corporate Drive
Suite 600
Fort Lauderdale, Florida 33334
(954) 689-3000 – Office
(954) 689-3001 – Facsimile

By: _____
Gary Khutorsky Esq.
Florida Bar No.: 814271

CASE SUMMARY

Broward County Case Number: **CACE09064628**
Court Type: **Civil Division - Circuit Court**
Incident Date: **N/A**
Court Location: **Central Courthouse**
Magistrate ID / Name: **N/A**

State Reporting Number: **062009CA064628AXXXCE**
Case Type: **Contract Indebtedness**
Filing Date: **12/02/2009**
Case Status: **Pending**
Judge ID / Name: **03 Henning, Patti E.**

Style: **Maya(Marca)Condo Apts Inc Plaintiff vs. Travelers Casualty & Surety Co of Amer Defendant**

### Party Detail

| Party Type | Party Name | Sex | Race | D.O.B. | D.O.D. | Attorneys / BarID<br>★ Denotes Lead Attorney |
|---|---|---|---|---|---|---|
| Plaintiff | **Maya(Marca)Condo Apts Inc** | | | | | ★ Hudson, James Steven<br>Retained<br>BarID: 602639 |
| Defendant | **Travelers Casualty & Surety Co of Amer** | | | | | |

### Key Dates - Future Scheduled Events

**There is no key date information available for this case.**

### Events and Orders of the Court - Only 3 most recent entries are displayed

| Date | Description | Additional Text |
|---|---|---|
| 12/02/2009 | **Value Claim Form** | |
| 12/02/2009 | **Summons Issued Fee** | Payor: Hudson, James Steven ; Userid: CTS-jbrown ; Receipt: 20091YE1D006160; Comments: CK#11264/SIS-1/HB/PS ; Amount: $10.00 |
| 12/02/2009 | **Filing Fee** | Payor: Hudson, James Steven ; Userid: CTS-jbrown ; Receipt: 20091YE1D006160; Comments: CK#11264/SIS-1/HB/PS ; Amount: $401.00 |

### Related Cases

**There is no related case information available for this case.**

---

[ Case Detail ]     NOTE: Selecting the Case Detail button will deduct one unit from your account.

---

[ Perform Another Search ]

EXHIBIT "A"

**ALEX SINK**
**CHIEF FINANCIAL OFFICER**
**STATE OF FLORIDA**
Florida Department of Financial Services


09-68179

MAYA (MARCA) CONDOMINIUM
APARTMENTS, INC.,

PLAINTIFF(S),

VS.

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA, A FOREIGN CORPORATION,

DEFENDANT(S).

CASE #:    09-64628 03
COURT:   CIRCUIT COURT
COUNTY:  BROWARD
DFS-SOP#: 09-68179

SUMMONS, COMPLAINT FOR DECLARATORY RELIEF, EXHIBITS

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial
Officer of the State of Florida.  Said process was received in my office by PROCESS SERVER
on the 11th day of December, 2009 and a copy was forwarded by Electronic Delivery on the 15th
day of December, 2009 to the designated agent for the named entity as shown below.

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA
LYNETTE COLEMAN   (gbarber@cscinfo.com)
CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE FL 32301

\* Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any
subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

Alex Sink
Chief Financial Officer

cc to: Plaintiff's Representative for filing in appropriate court;

J. STEVEN HUDSON, ESQUIRE
SUITE 300
621 N.W. 53RD STREET
BOCA RATON FL 33487

TMB

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

MAYA (MARCA) CONDOMINIUM
APARTMENTS, INC.,

**0 9 - 6 4 6 2 8**

Plaintiff,          CASE NO.

v.

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA, a foreign
corporation,

Defendant.

/

### SUMMONS

THE STATE OF FLORIDA
To Each Sheriff of the State

YOU ARE COMMANDED to serve this summons and a copy of the Complaint in this
action on Defendant, **TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,** c/o
Florida Chief Financial Officer as Registered Agent, 200 East Gaines Street, Tallahassee,
Florida 32399-4201.

The Defendant is required to serve written defenses to the Complaint on Plaintiff's
attorneys, J. Steven Hudson, Esq., Randall K. Roger & Associates, P.A., 621 N.W. 53rd Street,
Suite 300, Boca Raton, Florida 33487, within 20 days after service of this summons on that
Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk
of this court either before service on Plaintiff's attorneys or immediately thereafter.   If a
Defendant fails to do so, a default will be entered against that Defendant for the relief
demanded in the Complaint.

DATED on _____ DEC 02 2009, 2009

Howard C. Forman
As Clerk of the Court

JENNIFER BROWN

By _____
As Deputy Clerk

A TRUE COPY
Circuit Court Seal

T:\10345 Maya Marca\Garofalo II\Travelers\summons.wpd

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

MAYA (MARCA) CONDOMINIUM
APARTMENTS, INC.,

        Plaintiff,

v.

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA, a foreign
corporation,

        Defendant.

_____/

**09 - 64628**

CASE NO.

A TRUE COPY **03**

DEC 02 2009

HOWARD C. FORMAN
CLERK OF CIRCUIT COURT
BROWARD COUNTY, FL

<u>COMPLAINT FOR DECLARATORY RELIEF</u>

      Plaintiff, MAYA (MARCA) CONDOMINIUM APARTMENTS, INC. ("MAYA MARCA"), sues Defendant, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA ("TRAVELERS"), and alleges as follows:

      1.    This is an action for declaratory relief, over which the Circuit Court has jurisdiction.

      2.    MAYA MARCA is a Florida not-for-profit corporation and is a Condominium Association governing the Maya Marca Condominium, situated in Fort Lauderdale, Broward County, Florida.

      3.    TRAVELERS is a foreign corporation, doing business in Broward County, Florida.

      4.    At all times material hereto, TRAVELERS provided insurance coverage to MAYA MARCA, under a renewed Non-Profit Management and Organization Liability insurance policy, bearing Policy # 049-LB-104083785 ("the Policy"). A true copy of the Policy is attached hereto as Exhibit "1".

5.    The Policy is a claims-made policy.

6.    The Policy period was between April 13, 2006 and April 13, 2009.

7.    On March 30, 2009, and thus within the Policy period, Kenneth Garofalo and Linda Garofalo ("the Garofalos") sued MAYA MARCA in the Seventeenth Judicial Circuit Court located in Broward County, Florida, bearing case number 09018205 13 ("the Garofalos' Lawsuit").

8.    The Complaint filed in the Garofalos' Lawsuit asserts the Garofalos are entitled to damages concerning purported interference with unit leasing for two (2) Units owned by the Garofalos within the Maya Marca Condominium.

9.    The Garofalos' Lawsuit asserted causes of action against MAYA MARCA on the following legal theories, as alleged in the Complaint filed in that proceeding:

> Count I:   Violation of the provisions of Article VI, Subsection 1.(m) of MAYA MARCA's Declaration of Condominium;
>
> Count II: Breach of fiduciary duty;
>
> Count III: Tortious interference with a contractual right; and
>
> Count IV: Tortious interference with advantageous business relationship.

A true copy of the Complaint filed in the Garofalos' Lawsuit is attached hereto as Exhibit "2".

10.    Prior to the filing of the Garofalos' Lawsuit, the Garofalos had not made a claim against MAYA MARCA for alleged violation of the provisions of Article VI, Subsection 1.(m) of MAYA MARCA's Declaration of Condominium.

11.    Service of the Garofalos' Lawsuit upon MAYA MARCA constituted the first made claim against MAYA MARCA by the Garofalos during the Policy period for alleged violation of the provisions of Article VI, Subsection 1.(m) of MAYA MARCA's Declaration of Condominium.

12.     Prior to the filing of the Garofalos' Lawsuit, the Garofalos had not made a claim against MAYA MARCA for breach of fiduciary duty.

13.     Service of the Garofalos' Lawsuit upon MAYA MARCA constituted the first made claim against MAYA MARCA by the Garofalos during the Policy period for alleged breach of fiduciary duty.

14.     Prior to the filing of the Garofalos' Lawsuit, the Garofalos had not made a claim against MAYA MARCA for tortious interference with a contractual right.

15.     Service of the Garofalos' Lawsuit upon MAYA MARCA constituted the first made claim against MAYA MARCA by the Garofalos during the Policy period for alleged tortious interference with a contractual right.

16.     Prior to the filing of the Garofalos' Lawsuit, the Garofalos had not made a claim against MAYA MARCA for tortious interference with advantageous business relationship.

17.     Service of the Garofalos' Lawsuit upon MAYA MARCA constituted the first made claim against MAYA MARCA by the Garofalos during the Policy period for alleged tortious interference with advantageous business relationship.

18.     Upon service of the Complaint in the Garofalos' Lawsuit, MAYA MARCA promptly made a claim against the Policy ("MAYA MARCA's Claim").

19.     In response to MAYA MARCA's Claim, TRAVELERS denied that it had an obligation under the Policy to provide coverage to MAYA MARCA for the Garofalos' Lawsuit.

20.     In response to MAYA MARCA's Claim, TRAVELERS denied that it had an obligation under the Policy to defend MAYA MARCA in the Garofalos' Lawsuit.

21.     All conditions precedent to this action have been satisfied or have occurred.

22.     There exists a bona fide, present actual controversy between the parties concerning whether TRAVELERS could, under the circumstances of the averments set forth

-3-

in the Garofalo's Complaint, properly deny MAYA MARCA's Claim.

23.    There exists a bona fide, present actual controversy between the parties concerning the rights of the respective parties pursuant to the Policy, including but not necessarily limited to the rights and obligations of TRAVELERS to defend against the Garofalos' Lawsuit, as well as entitlement of MAYA MARCA to indemnification or coverage for any and all damages awarded against MAYA MARCA in the Garofalos' Lawsuit.

24.    As a result of TRAVELERS' afore-stated actions, MAYA MARCA has a doubt as to its rights and TRAVELERS obligations afforded by the Policy.

25.    MAYA MARCA is entitled to have the doubt removed.

26.    MAYA MARCA requests that the Court declare its rights under the Policy, as it pertains to defense of the Garofalos' Lawsuit and indemnification or coverage for claims asserted against MAYA MARCA in the Garofalos' Lawsuit.

27.    MAYA MARCA requests that the Court declare the obligations of TRAVELERS under the Policy, as it pertains to defense of the Garofalos' Lawsuit.

28.    MAYA MARCA requests that the Court declare the obligations of TRAVELERS under the Policy, as it pertains to indemnification or coverage for the claims asserted by the plaintiffs in the Garofalos' Lawsuit.

29.    MAYA MARCA has retained the undersigned law firm to represent it in this matter and is obligated to pay undersigned counsel a reasonable fee for their services in connection herewith.

WHEREFORE, Plaintiff, MAYA (MARCA) CONDOMINIUM APARTMENTS, INC., respectfully requests that this Court enter declaratory decree determining the respective rights and obligations of MAYA MARCA and TRAVELERS CASUALTY AND SURETY COMPANY

-4-

OF AMERICA, as follows:

(a)     Determine the obligations of TRAVELERS under the Policy, as it pertains to defense of the Garofalos' Lawsuit;

(b)     Determine the obligations of TRAVELERS under the Policy, as it pertains to indemnification or coverage for the claims asserted by the plaintiffs in the Garofalos' Lawsuit;

(c)     Determine MAYA MARCA's rights under the Policy, with respect to defense of the Garofalos' Lawsuit and indemnification or coverage for claims asserted against MAYA MARCA in the Garofalos' Lawsuit.

(d)     Award attorney's fees and costs to MAYA MARCA against TRAVELERS, for the legal expenses and costs incurred in prosecution of this action;

(e)     Granting supplemental relief to MAYA MARCA as a result of the determinations above, including but not limited to award of all legal fees, costs and expenses incurred by MAYA MARCA in defense of the Garofalos' Lawsuit; and

(f)     For such other and further relief as the Court deems appropriate.

Dated: November 3̲0̲, 2009.

RANDALL K. ROGER & ASSOCIATES, P.A.
Counsel for Plaintiff
621 N.W. 53rd Street, Suite 300
Boca Raton, Florida 33487
(561) 988-5598

By: _____
        J.  Steven Hudson, Esquire
        Florida Bar Number: 0602639

T:\110345 Maya Marca\Garofalo II\Travelers\Complaint.wpd

-5-

## POLICY DISCLOSURE NOTICE -
## TERRORISM RISK INSURANCE ACT OF 2002

On December 26, 2007, the President of the United States signed into law amendments to the Terrorism Risk Insurance Act of 2002 (the "Act"), which, among other things, extend the Act and expand its scope. The Act establishes a program under which the Federal Government may partially reimburse "Insured Losses" (as defined in the Act) caused by "acts of terrorism". An "act of terrorism" is defined in Section 102(l) of the Act to mean any act that is certified by the Secretary of the Treasury - in concurrence with the Secretary of State and the Attorney General of the United States - to be an act of terrorism; to be a violent act or an act that is dangerous to human life, property, or infrastructure; to have resulted in damage within the United States, or outside the United States in the case of certain air carriers or vessels or the premises of a United States Mission; and to have been committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

The Federal Government's share of compensation for Insured Losses is 85% of the amount of Insured Losses in excess of each Insurer's statutorily established deductible, subject to the "Program Trigger", (as defined in the Act). In no event, however, will the Federal Government or any Insurer be required to pay any portion of the amount of aggregate Insured Losses occurring in any one year that exceeds $100,000,000,000, provided that such Insurer has met its deductible. If aggregate Insured Losses exceed $100,000,000,000 in any one year, your coverage may therefore be reduced.

Please note that no separate additional premium charge has been made for the terrorism coverage required by the Act. The premium charge that is allocable to such coverage is inseparable from and imbedded in your overall premium, and does not include any charge for the portion of losses covered by the Federal Government under the Act. The charge is no more than one percent of your premium.

---

Issuing Company: Travelers Casualty and Surety Company of America
Policy Number: 104083785

ILT-1018 Rev. 01-08  Printed in U.S.A.                                    *Page 1 of 1*
©2008 The Travelers Companies, Inc. All Rights Reserved

EXHIBIT "A"

**TRAVELERS**

NON-PROFIT MANAGEMENT AND ORGANIZATION LIABILITY
INSURANCE POLICY

DECLARATIONS                      POLICY NO. **104083785**

Travelers Casualty and Surety Company of America
Hartford, CT 06183

(Herein, the "Insurer")

**THIS IS A CLAIMS MADE AND REPORTED POLICY WITH DEFENSE COSTS INCLUDED IN THE LIMIT OF LIABILITY.
PLEASE READ THE ENTIRE POLICY CAREFULLY.**

NOTICE: THIS POLICY APPLIES ONLY TO CLAIMS FIRST MADE AGAINST THE "INSUREDS" DURING THE
"POLICY PERIOD" AND REPORTED IN WRITING TO THE INSURER PURSUANT TO THE TERMS HEREIN. THE
LIMIT OF LIABILITY AVAILABLE TO PAY DAMAGES OR SETTLEMENTS SHALL BE REDUCED BY AMOUNTS
INCURRED AS "DEFENSE COSTS." ANY "DEFENSE COSTS" THAT ARE INCURRED SHALL BE APPLIED AGAINST
THE APPLICABLE RETENTION. THE INSURER SHALL HAVE THE RIGHT AND DUTY TO DEFEND ANY CLAIM
AGAINST THE INSUREDS UNDER THIS POLICY.

| ITEM 1. | **INSURED ORGANIZATION'S NAME and PRINCIPAL ADDRESS:** |
|---|---|

MAYA (MARCA) CONDOMINIUM APARTMENTS, INC.
C/O AMBASSADOR COMMUNITY MANAGEMENT
7100 WEST COMMERCIAL BLVD, SUITE 107
FORT LAUDERDALE, FL 33319

ITEM 2.    **POLICY PERIOD:**

(a) From  April 13, 2009      (b) To April 13, 2010      at 12:01 a.m.
Local Time both dates at the Principal Address stated in ITEM 1

ITEM 3.    **LIMIT OF LIABILITY (Inclusive of Defense Costs):**

$1,000,000.00 maximum aggregate Limit of Liability for all Claims first made in the Policy Period.

ITEM 4.    **RETENTION:**

(a) No Retention shall apply to Non-Indemnified Loss

(b)              $1,000.00 all Indemnified Loss.

ITEM 5.    **PREMIUM:**

$1,477.63 prepaid premium for the Policy Period.

NOTICE: *A state surcharge applies. Please refer to your billing statement.*

ITEM 6.    **PREMIUM FOR DISCOVERY PERIOD:** $1,108.22

ITEM 7.    **LENGTH OF DISCOVERY PERIOD:**      365 days.

ITEM 8.    **NOTICE REQUIRED TO BE GIVEN TO THE INSURER SHALL BE ADDRESSED TO:**

Travelers Bond & Financial Products Claim
One Tower Square, 2S2
Hartford, CT 06183

ITEM 9.    **PENDING AND PRIOR LITIGATION DATE:** April 13, 2003

ITEM 10.    **ENDORSEMENTS ATTACHED AT ISSUANCE:**

ILT-1018 01-08, 71121 08-96, 72133 08-96, 71120 08-96, 72023 01-03, ILT-1021 10-04, ILT-1067 01-08, 70004 04-00, 70007 02-02, 70064 04-00, 72047 08-96

These Declarations, the completed signed Application and their attachments and any materials submitted therewith, and Policy form 72001 (06/98) with Endorsements shall constitute the contract among the Insurer and the Insureds ("Policy").

_____

Countersigned By (if required)

CIRI 72000 (06/98)

Travelers Casualty and Surety Company of America
Hartford, CT 06183
(Herein, the "Insurer")

THIS IS A CLAIMS MADE AND REPORTED POLICY
WITH DEFENSE COSTS INCLUDED IN THE LIMIT OF LIABILITY.
PLEASE READ THE ENTIRE POLICY CAREFULLY.

NON-PROFIT MANAGEMENT AND ORGANIZATION LIABILITY INSURANCE POLICY
**RENEWAL CERTIFICATE**

POLICY NO. 104083785

**NOTICE: THE POLICY FOR WHICH APPLICATION IS MADE APPLIES, SUBJECT TO ITS TERMS, ONLY TO ANY "CLAIM" FIRST MADE OR DEEMED MADE AGAINST THE "INSURED" DURING THE POLICY PERIOD. THE LIMIT OF LIABILITY AVAILABLE TO PAY DAMAGES OR SETTLEMENTS WILL BE REDUCED BY THE AMOUNTS INCURRED AS "DEFENSE EXPENSES" AND "DEFENSE EXPENSES" WILL BE APPLIED AGAINST THE RETENTION AMOUNT.**

ITEM 1.       <u>INSURED ORGANIZATION'S NAME and PRINCIPAL ADDRESS:</u>
MAYA (MARCA) CONDOMINIUM APARTMENTS, INC.
C/O AMBASSADOR COMMUNITY MANAGEMENT
7100 WEST COMMERCIAL BLVD, SUITE 107
FORT LAUDERDALE, FL 33319

ITEM 2.       POLICY PERIOD:

(a) From April 13, 2009     (b) To April 13, 2010      at 12:01 a.m. Local Time both
dates at the Principal Address stated in ITEM 1

ITEM 3.       PREMIUM:                $1,477.63 prepaid premium for the Policy Period.

ITEM 4.       PREMIUM FOR DISCOVERY PERIOD: $1,108.22

ITEM 5.       ENDORSEMENTS ATTACHED TO THIS POLICY AT RENEWAL:
ILT-1018 01-08, 71121 08-96, 72133 08-96, 71120 08-96, 72023 01-03, ILT-1021
10-04, ILT-1067 01-08, 70004 04-00, 70007 02-02, 70064 04-00, 72047 08-96

IN WITNESS WHEREOF, the Company/Insurer has caused this renewal document to be signed by its authorized officers at Hartford, CT.

*Thomas M. Kunkel*                                    *Wendy C. Sky*

Executive Vice President                          Corporate Secretary
In consideration of the stated renewal premium, the policy is renewed for the Policy Period indicated.

CIRI 70035 (08/98)



## IMPORTANT NOTICE REGARDING COMPENSATION DISCLOSURE

For information about how Travelers compensates independent agents, brokers, or other insurance producers, please visit this website: www.travelers.com/w3c/legal/Producer_Compensation_Disclosure.html

If you prefer, you can call the following toll-free number: 1-866-904-8348. Or you can write to us at Travelers, Enterprise Development, One Tower Square, Hartford, CT 06183.

ISSUED BY: Travelers Casualty and Surety Company of America       POLICY NO: 104083785

ISSUED TO: MAYA (MARCA) CONDOMINIUM APARTMENTS, INC.

### FLORIDA AMENDATORY ENDORSEMENT

This endorsement modifies insurance provided under the following:
**Non-Profit Management and Organization Liability Insurance Policy**

In consideration of the payment of premium, it is hereby understood and agreed that:

Section V(F) of this Policy is deleted in its entirety and replaced with the following:

F.   CANCELLATION

    1)   **Cancellation by the Parent Organization**

        This Policy may be canceled by the Parent Organization by mailing to the Insurer written notice stating when thereafter such cancellation shall be effective. The mailing of such notice shall be sufficient notice, and the effective date of cancellation stated in the notice shall become the Policy Termination Date.

    2)   **Cancellation or Non-Renewal by the Insurer**

        If this Policy is in effect for ninety (90) days or less, the Insurer may cancel by mailing to the Parent Organization at the address shown in the Declarations written notice of cancellation with the reason for the cancellation stated in the notice. The Insurer will give at least ten (10) days' advance written notice if cancellation is for non-payment of premium. The Insurer will give at least twenty (20) days' advance written notice if cancellation is for any other reason, except where there has been a material misstatement or misrepresentation or failure to comply with underwriting requirements established by the Insurer.

        If this Policy is in effect for more than ninety (90) days, the Insurer may cancel only for one or more of the following reasons:

        1.   Non-payment of premium; or
        2.   a material misstatement or misrepresentation; or
        3.   failure to comply within ninety (90) days of the Policy Inception Date with underwriting requirements established by the Insurer; or
        4.   a substantial change in the risk covered by the Policy; or
        5.   cancellation is for all insureds under such policies for a given class of insureds.

The Insurer shall mail to the Parent Organization at the address shown in the Declarations written notice of cancellation with the reason for cancellation stated in the notice. The Insurer will give at least forty-five (45) days' advance written notice of cancellation.

ISSUED BY: Travelers Casualty and Surety Company of America          POLICY NO: 104083785

ISSUED TO: MAYA (MARCA) CONDOMINIUM APARTMENTS, INC.

### FLORIDA AMENDATORY ENDORSEMENT

This endorsement modifies insurance provided under the following:
Non–Profit Management and Organization Liability Insurance Policy

In consideration of the payment of premium, it is hereby understood and agreed that:

4.    Section VI, Warranties and Covenants, is deleted and replaced with the following:

   VI.    REPRESENTATIONS AND COVENANTS

   The Insureds hereby represent and agree as a condition to the Insurer's obligations hereunder, as follows:

   1)    The statements and representations made in the Application are the Insureds' statements and representations, are true and shall be deemed material to the acceptance of the risk or the hazard assumed by the Insurer under this Policy. This Policy is issued in reliance upon the truth of such statements and representations.

   2)    The truth of any statement or representation in the Application shall be determined without regard to whether any Insured knew the Application contained such untrue statement or representation.

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, exclusions or limitations of the above mentioned Policy, except as expressly stated herein. This endorsement is part of such Policy and incorporated therein.

_____
Authorized Representative

CIRI 71120 (08/96)

ISSUED BY: *Travelers Casualty and Surety Company of America*          POLICY NO: 104083785

ISSUED TO: MAYA (MARCA) CONDOMINIUM APARTMENTS, INC.

### DELETION OF AMENDED OPERATION OF RETENTION WORDING

This endorsement modifies insurance provided under the following:

**Non-Profit Management and Organization Liability Insurance Policy**

In consideration of the payment of the premium, Section V. GENERAL CONDITIONS AND LIMITATIONS. A. LIMIT OF LIABILITY AND RETENTION. 5) and 6) are deleted from the Policy and any endorsement thereto.

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, exclusions or limitations of the above mentioned policy, except as expressly stated herein. This endorsement is part of such policy and incorporated therein.

This endorsement is effective at the inception date stated in Item 2 of the Declarations or effective at 12:01 A.M. on
April 13, 2009, if indicated herein. Complete the following only when this endorsement is not prepared with the policy or is to be effective on a date other than the inception of the policy.

_____
                                            Authorized Representative

CIRI 72023 (01-03)

ISSUED BY: Travelers Casualty and Surety Company of America          POLICY NO: 104083785

ISSUED TO: MAYA (MARCA) CONDOMINIUM APARTMENTS, INC.

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

ADD/DELETE ENDORSEMENT

In consideration of the payment of the                premium of

The following endorsement(s) have been added to the policy:

ILT-1067

The following endorsement(s) have been deleted from the policy:

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, exclusions or limitations of the above-mentioned policy, except as expressly stated herein.  This endorsement is part of such policy and incorporated therein.

This endorsement is effective at the Inception Date stated in the Declarations or effective at 12:01 A.M. on **April 13, 2009,** if indicated herein.  Complete the following only when this endorsement is not prepared with the policy or is to be effective on a date other than the Inception Date of the policy.

Accepted by:         _____

                            On behalf of the entity named in
                            ITEM 1 of the Declarations.

                            _____

                            Authorized Company Representative

ILT-1021 (10-04)

ISSUED BY: Travelers Casualty and Surety Company of America          POLICY NO: 104083785
ISSUED TO:

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

*CAP ON LOSSES FROM CERTIFIED ACTS OF TERRORISM ENDORSEMENT*

It is agreed that:

1.  The following section is added to this Policy:

**CAP ON LOSSES FROM CERTIFIED ACTS OF TERRORISM**

If aggregate insured losses attributable to **Certified Acts of Terrorism** exceed $100 billion in a program year (January 1 through December 31) and the insurer issuing this Policy has met the deductible under the Terrorism Risk Insurance Act:

a.  the insurer will not be responsible for the payment of any portion of the amount of such losses that exceeds $100 billion; and
b.  insured losses up to $100 billion will be subject to pro rata allocation in accordance with procedures established by the Secretary of the Treasury.

The terms and limitations of any terrorism exclusion, or the inapplicability or omission of a terrorism exclusion, do not serve to create coverage for any loss which would otherwise be excluded under this Policy.

2.  The following is added to the Definitions section of this Policy:

**"Certified Act of Terrorism"** means an act that is certified by the Secretary of the Treasury, in concurrence with the Secretary of State and the Attorney General of the United States, to be an act of terrorism pursuant to the federal Terrorism Risk Insurance Act.  The criteria contained in the Terrorism Risk Insurance Act for a **Certified Act of Terrorism** include the following:

a.  the act resulted in insured losses in excess of $5 million in the aggregate, attributable to all types of insurance subject to the Terrorism Risk Insurance Act; and
b.  the act is a violent act or an act that is dangerous to human life, property or infrastructure and is committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, exclusions or limitations of the above-mentioned policy, except as expressly stated herein.  This endorsement is part of such policy and incorporated therein.

This endorsement is effective at the Inception Date stated in ITEM 2 of the Declarations or effective at 12:01 A.M. on
April 13, 2009, if indicated herein.  Complete the following only when this endorsement is not prepared with the policy or is to be effective on a date other than the Inception Date of the policy.

Accepted by: _____

                     On behalf of the entity named in
                     ITEM 1 of the Declarations.

                     _____

                     Authorized Company Representative

© 2008 The Travelers Companies, Inc. All Rights Reserved
ILT-1067  Ed. 01/08

ISSUED BY: Travelers Casualty and Surety Company of America      POLICY NO:  104083785

ISSUED TO: MAYA (MARCA) CONDOMINIUM APARTMENTS, INC.

<u>NON-PROFIT CHANGE ENDORSEMENT</u>

This endorsement modifies insurance provided under the following:
**Non-Profit Management and Organization Liability Insurance Policy**

In consideration of the payment of the premium:

1.  Section I. INSURING AGREEMENTS A. Liability Coverage is deleted in its entirety and replaced by the following:

    A.  The Insurer will pay on behalf of the Insureds Loss up to the available maximum aggregate Limit of Liability set forth in Item 3 of the Declarations which is incurred by the Insureds as the result of any Claim first made against the Insureds during the Policy Period or the Discovery Period, if purchased, for a Wrongful Act.

2.  Section II. DEFINITIONS B. "Claim" sub-paragraph 1) is deleted in its entirety and replaced by the following:

    1)  a written demand for monetary or non-monetary relief;

3.  Section II. DEFINITIONS J. "Loss" is deleted in its entirety and replaced by the following:

    J)  Loss means the total amount excess of the applicable Retention which any Insured becomes legally obligated to pay as the result of all Claims first made against any Insured during the Policy Period for Wrongful Acts including, but not limited to, damages (including punitive or exemplary damages where insurable under applicable law), judgments, settlements and Defense Costs. Loss does not include (1) the multiple portion of any multiple damage award, (2) criminal or civil fines or penalties imposed by law, (3) taxes, (4) any amount not indemnified by the Insured Organization for which the Insured is absolved from payment by reason of any covenant, agreement or court order, and (5) matters uninsurable under the law pursuant to which this Policy is construed.

4.  Section IV. EXCLUSIONS 6) is deleted in its entirety.

5.  Section IV. EXCLUSIONS 9) is deleted in its entirety and replaced by the following:

    9)  for liability under or breach of any oral, written or implied contract or agreement, or for liability of others assumed by the Insured under any such contract or agreement; provided however, this exclusion shall not apply to (a) the Insurer's duty to defend and to pay Defense Costs regarding such Claim; (b) the extent the Insured would have been liable in the absence of such contract or agreement; or (c) the extent the Claim is a Claim for Wrongful Employment Practices;

6.  The Insurer shall not be liable to make any payment for **Loss**, other than **Defense Costs**, in connection with any **Claim** made against any of the **Insureds** which constitute costs and expenses incurred or to be incurred to comply with an order, judgment or award of injunctive or other equitable relief of any kind, or that portion of a settlement encompassing injunctive or other equitable relief, including but not limited to actual or anticipated costs and expenses associated with or arising from an **Insured's** obligation to provide reasonable accommodations under, or otherwise comply with, the Americans with Disabilities Act or the Rehabilitation Act of 1973, including amendments thereto and regulations thereunder, or any related or similar law or regulation.

7.  Section V. **GENERAL CONDITIONS AND LIMITATIONS, B. NOTICE**, sub-paragraph 1) is deleted in its entirety and replaced by the following:

> 1) If during the **Policy Period** or **Discovery Period**, if purchased, any **Claim** is first made against any **Insured**, the **Insureds** as a condition precedent to their right to be reimbursed under this **Policy**, shall give to the Insurer written notice of any such **Claim** as soon as practicable. The **Insured** shall give the Insurer such information and cooperation as it may reasonably require.

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, exclusions or limitations of the above-mentioned policy, except as expressly stated herein. This endorsement is part of such policy and incorporated therein.

This endorsement is effective at the inception date stated in Item 2 of the Declarations or effective at 12:01 A.M. on **April 13, 2009**, if indicated herein. Complete the following only when this endorsement is not prepared with the policy or is to be effective on a date other than the inception of the policy.

Accepted by:   _____

On behalf of the entity named in
ITEM 1 of the Declarations.

_____

Authorized Company Representative

ISSUED BY: Travelers Casualty and Surety Company of America          POLICY NO: 104083785

ISSUED TO: MAYA (MARCA) CONDOMINIUM APARTMENTS, INC.

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**AMENDED BI/PD EXCLUSION**

In consideration of the payment of the premium:

1.   Section IV. EXCLUSIONS 1) is deleted and replaced by the following:

    1)·   based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving bodily injury, sickness, mental anguish, emotional distress, disease or death of any person, provided, that this exclusion shall not apply to allegations of mental anguish or emotional distress if and only to the extent that such allegations are made as part of a Claim for **Wrongful Employment Practices;**

2.   Section IV. EXCLUSIONS is amended by adding the following exclusion:

    for or arising out of any damage, destruction, loss of use or deterioration of any tangible property including without limitation, construction defects, whether or not as a result of faulty or incorrect design or architectural plans, improper soil testing, inadequate or insufficient protection from soil and/or ground water movement, soil subsidence, mold, toxic mold, spores, mildew, fungus, or wet or dry rot, or the supervision of actual construction, manufacturing or assembly of any tangible property;

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, exclusions or limitations of the above-mentioned policy, except as expressly stated herein. This endorsement is part of such policy and incorporated therein.

This endorsement is effective at the Inception Date stated in ITEM 2 of the Declarations or effective at 12:01 A.M. on **April 13, 2009** , if indicated herein. Complete the following only when this endorsement is not prepared with the policy or is to be effective on a date other than the Inception Date of the policy.

Accepted by:   _____

    On behalf of the entity named in
    ITEM 1 of the Declarations.

    _____

    Authorized Company Representative

CIRI-70007 (02-02)

ISSUED BY: Travelers Casualty and Surety Company of America      POLICY NO: 104083785

ISSUED TO: MAYA (MARCA) CONDOMINIUM APARTMENTS, INC.

## AMENDED DEFINITION OF INSURED TO INCLUDE PROPERTY MANAGER

This endorsement modifies insurance provided under the following:
*Non-Profit Management and Organization Liability Insurance Policy*

In consideration of the payment of premium:

1.  Section II. DEFINITIONS, sub-paragraph G. Insured is amended to include:

    a.  any independent management organization under a written contractual agreement solely with the **Insured Organization** (a "Property Manager") and

    b.  any director, officer or employee of a Property Manager

    *but only while performing property management services for the* **Insured Organization** which are enumerated in such written contractual agreement.

2.  Section IV. EXCLUSIONS is amended by adding the following:

    brought or maintained by or on behalf of the **Insured Organization** against any **Insured** added pursuant to paragraph 1 of this endorsement;

3.  If any **Claim** made against a Property Manager or any director, officer or employee thereof gives rise to coverage both under this Policy and under any other liability policy of similar insurance issued by the Insurer or any of its affiliates, the Insurer's maximum aggregate limit of liability under all such policies for all **Loss**, including **Defense Costs**, from such **Claim** shall not exceed $1,000,000.00 subject to the remaining Limits of Liability of such policies.

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, exclusions or limitations of the above-mentioned policy, except as expressly stated herein. This endorsement is part of such policy and incorporated therein.

This endorsement is effective at the inception date stated in Item 2 of the Declarations or effective at 12:01 A.M. on April 13, 2009, if indicated herein. Complete the following only when this endorsement is not prepared with the policy or is to be effective on a date other than the inception of the policy.

Accepted by:  _____

On behalf of the entity named in
*ITEM 1 of the Declarations.*

_____

Authorized Company Representative

CIRI 70064 (04-00)

ISSUED BY: *Travelers Casualty and Surety Company of America*          POLICY NO:    104083785

ISSUED TO: MAYA (MARCA) CONDOMINIUM APARTMENTS, INC.

## NUCLEAR BROAD FORM EXCLUSION

This endorsement modifies insurance provided under the following:
**Non-Profit Management and Organization Liability Insurance Policy**

A.    This Policy does not apply:

    1.    To Loss:

        a.    with respect to which an Insured under this Policy is also an Insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada or any of their successors, or would be an Insured under any such policy but for its termination upon exhaustion of its limit of liability; or

        b.    resulting from the Hazardous Properties of Nuclear Material and with respect to which (i) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (ii) the Insured is, or had this Policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any Agency thereof with any person organization; or

    2.    To Loss resulting from the Hazardous Properties of Nuclear Material, if

        a.    the Nuclear Material (i) is at any Nuclear Facility owned by, or operated by or on behalf of an Insured (ii) has been discharged or dispersed therefrom;

        b.    the Nuclear Material is contained in Spent Fuel or Waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an **Insured**; or

        c.    the Loss arises out of the furnishing by an Insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any Nuclear Facility, but if such Nuclear Facility is located within the United States of America, its territories or possessions or Canada, this exclusion (c) applies only to Loss to such Nuclear Facility and any property thereat.

B.    As used in this Endorsement:

    1.    "Hazardous Properties" include radioactive, toxic or explosive properties.

    2.    "Nuclear Material" means Source Material, Special Nuclear Material or Byproduct Material.

    3.    "Source Material," "Special Nuclear Material" and "Byproduct Material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof.

4.  "Spent Fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a Nuclear Reactor.

5.  "Waste" means any waste material (a) containing Byproduct Material other than the tailing or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its Source Material content and (b) resulting from the operation by any person or organization of any Nuclear Facility included within the definition of Nuclear Facility under paragraph (a) or (b) thereof.

6.  "Nuclear Facility" means

    a.  any Nuclear Reactor;

    b.  any equipment or device designed or used for (i)separating the isotopes of uranium or plutonium, (ii) processing or utilizing Spent Fuel, or (iii) handling, processing or packaging Waste;

    c.  any equipment or device used for the processing, fabricating or alloying of Special Nuclear Material if at any.time the total amount of such material in the custody of the Insured at the premises where such equipment or device is located consists of or contains more that 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

    d.  any structure, basin, excavation, premises or place prepared or used for the storage or disposal of Waste and includes the site on which any of the foregoing is located, all operation conducted on such site and all premises used for such operations.

7.  "Nuclear Reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

8.  "Insured" means the **Insured Organization** and shall also mean the **Insured Persons**.

9.  "Loss" includes all forms of radioactive contamination of property.

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, exclusions or limitations of the above mentioned policy, except as expressly stated herein. This endorsement is part of such policy and incorporated therein.

This endorsement is effective at the inception date stated in Item 2 of the Declarations or effective at 12:01 A.M. on **April 13, 2009**, if indicated herein. Complete the following only when this endorsement is not prepared with the policy or is to be effective on a date other than the inception of the policy.

_____
Authorized Representative



A TRUE COPY

MAR 3 0 2009

HOWARD C. FORMAN
CLERK OF CIRCUIT COURT
BROWARD COUNTY, FL

IN THE CIRCUIT COURT FOR THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: 09018705

**13**

KENNETH GAROFALO
and LINDA GAROFALO,

    Plaintiffs,

v.

MAYA MARCA CONDOMINIUM
APARTMENTS, INC.,

    Defendant.

_____/

<u>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY</u>

COMES NOW the Plaintiffs, KENNETH GAROFALO and LINDA GAROFALO, and

sue the Defendant, MAYA MARCA CONDOMINIUM APARTMENTS, INC., a Florida Non

Profit Corporation, and in support would state as follows:

<u>COMMON ALLEGATIONS</u>

1.    This is an action for damages in excess of the sum of Fifteen Thousand Dollars

($15,000.00), exclusive of interest, costs, and attorney's fees at all times material herein.

2.    At all material times herein, the Plaintiffs, KENNETH GAROFALO and LINDA

GAROFALO (collectively referred to as "Plaintiffs" unless specifically indicated), were and are

part-time residents of the State of Florida and are otherwise <u>*sui juris*</u>.

3.    At all times material herein, the Defendant, MAYA MARCA CONDOMINIUM

APARTMENTS, INC. was and is Florida Not-for-Profit Corporation authorized to transact

business in the State of Florida, and is otherwise <u>*sui juris*</u>.  The Defendant, MAYA MARCA

CONDOMINIUM APARTMENTS, INC., ("Defendant"), administers the condominium known

as the Maya Marca Condominium Apartments.

4.    Venue is proper in Broward County as the causes of action accrued in Broward

1

EXHIBIT "2"

County, Florida.

COUNT I<br>VIOLATION OF THE CONDOMINIUM DOCUMENTS

5.    That the Plaintiffs reallege and reincorporate Paragraphs 1 though 4 of this Complaint which paragraphs are incorporated hereto and would further allege:

6.    That the Plaintiffs are the owners of units 604 and 1604 at the MAYA MARCA CONDOMINIUM APARTMENTS, INC.

7.    That pursuant to the Declaration of the Condominium, the Plaintiffs were entitled to rent out their units. Article VI.1.(m) of the Declaration of the Condominium provides in pertinent part:

> Apartment lease or rental shall be limited to one twelve month rental tenancy per calendar year. All leases and rentals may be renewed annually for an additional twelve month period subject to the approval of the Board of Directors.

8.    That the Defendant in contravention of the Declaration of the Condominium established a rental rule, Rule 39, that stated "[T]he purchaser of an apartment may not lease it for the first three years following said purchase from the date of taking title". That this rule shall be hereinafter be referred to as Rule 39.

9.    That the Defendant did not consistently enforce Rule 39 allowing a rental of unit 604 by the Plaintiffs subsequent to its creation and effective date. That the Defendant then, in violation of the Declaration of the Condominium, sought to enforce Rule 39 against the Plaintiffs who were seeking to rent their units 604 and 1604.

10.    That by virtue of the Defendant enforcing Rule 39 in violation of the Declaration of the Condominium, specifically Article VI.1.(m), the Plaintiffs, on or about October 14, 2005, filed a petition with the Department of Business and Professional Regulation, Division of Florida's Land Sales Condominiums and Mobile Homes, (DBPR), to challenge the validity of

2

Rule 39. That on or about April 19, 2006, a Summary Final Order was issued by the DBPR holding that Rule 39 to be invalid as it was in contravention to the Declaration of the Condominium.

11.     As a result of the violation of the Declaration of the Condominium by the Defendant, and the Defendant's selective enforcement of Rule 39, the Plaintiffs have sustained damages including a loss of rent of their units, 604 and 1604, as the Plaintiffs were prevented from renting these units during the time period the Defendant sought to enforce Rule 39.

12.     That the Plaintiffs have retained the undersigned counsel to represent them in this matter and have agreed to pay the undersigned counsel a reasonable attorney's fee for their services.

WHEREFORE, the Plaintiffs, KENNETH GAROFALO and LINDA GAROFALO demand judgment against the Defendant, MAYA MARCA CONDOMINIUM APARTMENTS, INC., for damages, interest, costs of suit, and attorney's fees, and such other further relief that the Court deems just and proper.

### COUNT II
### BREACH OF FIDUCIARY DUTY

13.     That the Plaintiffs reallege and reincorporate Paragraphs 1 though 4 of this Complaint which paragraphs are incorporated hereto and would further allege.

14.     That the Plaintiffs and Defendant shared a relationship where the Plaintiffs repose trust and confidence in the Defendant, and the Defendant undertakes such trust and assumes a duty to advise, counsel and/or protect the Plaintiffs, as the Condominium Association. The Defendant had a duty to further administer the Condominium in a way to not violate the Declaration of the Condominium including against the Plaintiffs.

15.     The Defendant breached its duty to the Plaintiffs by trying to enforce Rule 39 against the Plaintiffs, that was in contravention to the Declaration of the Condominium; by

3

selectively enforcing Rule 39 against the Plaintiffs; and further by deliberately interfering and actively seeking to prevent the Plaintiffs from renting their units, 604 and 1604, when the Defendant knew that the rule was not enforceable and in violation of the Declaration of the Condominium.

16.     That as a result of the breach of the Defendant's duties to the Plaintiffs, the Plaintiffs have suffered damage including for loss of rent of their units, 604 and 1604.

WHEREFORE, the Plaintiffs, KENNETH GAROFALO and LINDA GAROFALO demand judgment against the Defendant, MAYA MARCA CONDOMINIUM APARTMENTS, INC., for damages, interest, costs of suit, and attorney's fees, and such other further relief that the Court deems just and proper.

## COUNT III
## TORTUOUS INTERFERENCE WITH A CONTRACTUAL RIGHT

17.     That the Plaintiffs reallege and reincorporate Paragraphs 1 though 4 of this Complaint which paragraphs are incorporated hereto and would further allege.

18.     That there was a listing agreement between the Plaintiffs and their realtor, Stephen McWilliam with Florida State Realty Group, to rent out unit 1604 and an oral agreement with R. Scott Cornelius, a realtor, to rent out unit 604, which are owned by the Plaintiffs.  The Plaintiffs are currently not in possession of the listing agreement and will produce upon receipt.

19.     That the Defendant had knowledge that the Plaintiffs were engaged with realtors to lease these units and the Defendant intentionally procured the contract's breach by preventing realtors from showing the Plaintiffs' units, 604 and 1604.

20.     That there was an absence or justification of privilege by the Defendant, and the Plaintiffs have suffered damages resulting from the breach due to the Defendant's conduct including for loss of rent of their units 604 and 1604.

4

WHEREFORE, the Plaintiffs, KENNETH GAROFALO and LINDA GAROFALO demand judgment against the Defendant, MAYA MARCA CONDOMINIUM APARTMENTS, INC., for damages, interest, costs of suit, and attorney's fees, and such other further relief that the Court deems just and proper.

COUNT IV<br>
TORTUOUS INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIP

21.    That the Plaintiffs reallege and reincorporate Paragraphs 1 though 4 of this Complaint which paragraphs are incorporated hereto and would further allege.

22.    That the Plaintiffs have a business relationship with realtors and prospective renters of units 604 and 1604, not necessarily evidenced by an enforceable contract.

23.    That the Defendant had knowledge of a relationship with the realtors and prospective renters.

24.    That the Defendant intentionally and unjustifiably interfered with these relationships.

25.    That the Plaintiffs suffered damages as a result of the Defendant's interference including loss of rent of their units 604 and 1604.

WHEREFORE, the Plaintiffs, KENNETH GAROFALO and LINDA GAROFALO demand judgment against the Defendant, MAYA MARCA CONDOMINIUM APARTMENTS, INC., for damages, interest, costs of suit, and attorney's fees, and such other further relief that the Court deems just and proper.

Steven C. Rubino, Esquire
Florida Bar No.:  0108170
ElDeiry & Rubino, PLLC
Attorneys for Plaintiffs
480 Sawgrass Corporate Parkway
Suite 110
Sunrise, Florida 33325
Telephone: (954) 670-2800
Facsimile: (954) 670-2805

5

<u>DEMAND FOR JURY TRIAL</u>

The Plaintiffs, KENNETH GAROFALO and LINDA GAROFALO, demand trial by jury

in all matters triable as of right in this suit.

Dated:  March 26 , 2009.

Steven C. Rubino, Esquire
Florida Bar No.:  0108170
**ElDeiry & Rubino, PLLC**
Attorneys for Plaintiffs
480 Sawgrass Corporate Parkway
Suite 110
Sunrise, Florida 33325
Telephone: (954) 670-2800
Facsimile:  (954) 670-2805

6